NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
MAY 31 2012
AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME LOAND TRUST 2006-WF1<br><br>   Plaintiff,<br><br>v.<br><br>CHARLENE E. COTHRAN,<br><br>   Defendant/Third-Party Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A. and ZUCKER, GOLDBERG & ACKERMAN, LLC<br><br>   Third-Party Defendants. | Civ. No. 12-245<br><br>MEMORANDUM OPINION & ORDER |

THOMPSON, U.S.D.J.

   This matter has come before the Court upon three motions to dismiss the Defendant/Third-Party Plaintiff Charlene Cothran's ("Third-Party Plaintiff" or "Defendant/Third-Party Plaintiff") Counterclaim or Third-Party Complaint for failure to state a claim under FED. R. CIV. P. 12 (b)(6) brought separately by Plaintiff Deutsche Bank National Trust Company ("Deutsche Bank") [docket # 10], Third-Party Defendant Wells Fargo Bank, N.A., ("Wells Fargo") [11] and Third-Party Defendant Zucker, Goldberg & Ackerman ("Zucker") [12] . Defendant/Third-Party Plaintiff opposes the motions [20, 21, 22]. The Court has considered the parties' submissions and has decided the motions without oral argument pursuant to FED. R. CIV. P. 78. For the reasons set forth below, the Court will grant the motions

in part and will remand this action to the Superior Court of New Jersey, Mercer County, Chancery Division ("Superior Court").

## I. BACKGROUND

The Court accepts as true for the purposes of deciding this motion all of the well-pleaded facts of the Third-Party Plaintiff's Complaint. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).

In 2006, the Third-Party Plaintiff obtained a $192,000.00 loan secured by a mortgage on a property located at 168 Wilfred Avenue, Hamilton, New Jersey which she had inherited in 1998 (Third Party Compl. ¶¶ 12–13) [1, Ex. D]. Plaintiff Deutsche Bank acted as trustee of this loan. The following year, the Third-Party Plaintiff ceased residing in the state and rented the property out for a period. (*Id.* ¶ 14). On or about July 1, 2008 she stopped making mortgage payments, defaulting on the terms of the securitized note. *See* (*id.* ¶ 20). In response, Zucker, the law firm representing Deutsche Bank, filed a Complaint for Foreclosure against the Defendant/Third-Party Plaintiff in the Superior Court on February 17, 2009. (*Id.* ¶ 16). On or about June 19, 2009, Zucker amended the Foreclosure Complaint. (*Id.* ¶ 18). On August 6, 2009, Defendant/Third-Party Plaintiff filed an Answer to the Amended Foreclosure Complaint. After two years of litigation, on August 25, 2011, Defendant/Third-Party Plaintiff successfully moved to file a third-party complaint against Zucker and Wells Fargo, the servicer on the loan. Following the Superior Court's denial of Deutsche Bank, Zucker, and Wells Fargo's motions for reconsideration, Defendant/Third-Party Plaintiff filed an Amended Answer, Affirmative Defenses, Counterclaim, and Third-Party Complaint on December 21, 2011 (the "Third-Party Complaint"). In the Third-Party Complaint, Defendant/Third-Party Plaintiff asserts a counterclaim under the Fair Debt Collection Practices Act (FDCPA) against Plaintiff and claims

under the FDCPA and New Jersey Consumer Fraud Act (NJCFA) against Third-Party Defendants Zucker and Wells Fargo. (Third Party Compl. ¶¶ 27–54). The action was removed on January 13, 2012. *See* (Notice of Removal) [1].

Plaintiff and Third-Party Defendants have moved to dismiss Defendant/Third-Party Plaintiff's counterclaim and third-party claims under the FDCPA and NJCFA. Deutsche Bank also moves to dismiss or strike Defendant/Third-Party Plaintiff's affirmative defenses including: (1) a charge of unclean hands; (2) a claim of failure to comply with the Fair Foreclosure Act (FFA); (3) a claim of lack of standing; (4) the argument that Plaintiff failed to establish its right to bring suit on this mortgage; (5) that Plaintiff "is not an innocent purchaser of [Defendant/Third-Party Plaintiff's] mortgage note"; (6) that Plaintiff is not a real party in interest; (7) a claim for recoupment for violations of the NJCFA; (8) a claim of unconscionability (9) a claim that Plaintiff is a non-holder in due course; and (10) failure to recite chain of title. Third-Party Plaintiff maintains that the Third-Party Complaint is viable and has been pled with the requisite specificity. Third-Party Plaintiff also challenges the subject matter jurisdiction of this Court.

## II.   STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "to raise a reasonable expectation that discovery will reveal evidence of" each necessary element, *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see*

*also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred).

Courts use the same standard in ruling on a motion to dismiss a counterclaim under Federal Rule of Civil Procedure 12(b)(6) as they do for a motion to dismiss a complaint. *See, e.g., PPG Indus., Inc. v. Generon IGS, Inc.*, 760 F. Supp. 2d 520, 524 (W.D. Pa. 2011); *Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 898 (E.D. Pa. 2011). In view of this standard, when considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the allegations in the Defendant/Third-Party Plaintiff's Third-Party Complaint and all reasonable inferences that can be drawn therefrom, and construe the complaint and counterclaim in the light most favorable to the Defendant/Third-Party Plaintiff. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). But, the court should disregard any conclusory allegations proffered in the Third-Party Complaint. *Id.* Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the "facts are sufficient to show that [Third-Party] plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). This requires more than a mere allegation of an entitlement to relief. *Id.* "A complaint has to 'show' such an entitlement with its facts." *Id.* A claim is only plausible if the facts pleaded allow a court reasonably to infer that the defendant is liable for the misconduct alleged. *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). Facts suggesting the "mere possibility of misconduct" fail to show that the Third-Party Plaintiff is entitled to relief. *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). When considering a Rule 12(b)(6) motion, a court's role is limited to

determining whether the Third-Party Plaintiff is entitled to offer evidence in support of the alleged claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court does not consider whether such plaintiff will ultimately prevail. *See id.*

### III.   ANALYSIS

*A. Subject Matter Jurisdiction*

As a preliminary matter, the Court must establish that it has subject matter jurisdiction prior to considering the merits of a case. *See Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Phila.*, 657 F.2d 29, 36 (3d Cir. 1981). Third-Party Plaintiff argues that the foreclosure, all counterclaims and third-party claims, should be remanded to state court because, based on a review of Plaintiff Deutsche Bank's Complaint, subject matter jurisdiction is absent. Plaintiff and Third-Party Defendants, however, counter that because the Third-Party Complaint raises a federal question, the Third-Party Complaint is properly before this Court.

As one court in this District has noted, "[n]o uniform rule regarding a third-party defendant's right to remove exists among federal courts generally or in the Third Circuit. *Hackensack Univ. Med. Ctr. v. Lagno*, No. 06-CV-687, 2006 U.S. Dist. LEXIS 80497 (D.N.J. Nov. 3, 2006) (citing *Monmouth-Ocean Collection Serv., Inc. v. Klor*, 46 F. Supp.2d 385, 388 (D.N.J. 1999). However, in *Hackensack University Medical Center*, the court articulated a "common ground" approach to determine whether third-party defendants may remove a claim, noting: "removal should only be allowed for claims that are, in the language of § 1441(c), 'separate and independent' from the main cause of action" *Id.* at 11 (citing *Patient Care, Inc. v. Freeman*, 755 F. Supp. 644, 650–51 (D.N.J. 1991). The court additionally underscored that "removal is proper where 'the claim against the third-party defendant does not arise from the same interlocked series of transaction or alleged wrong to the *plaintiff*.'" *Id.* (emphasis added).

Here, the Third-Party Complaint's allegations regarding purported violations of the FDCPA are arguably sufficiently distinct from the foreclosure action and therefore such claim is subject to removal under 28 U.S.C. § 1441(a). Additionally, because the Third-Party Defendants "ha[ve] never voluntarily submitted [themselves] to the jurisdiction of the state court," *see Patient Care*, 755 F. Supp. at 649, the Court finds removal to be appropriate. *See also Thompson v. Wheeler*, 898 F.2d 406, 409 (3d Cir.1990) ("'To adopt an inflexible rule barring removal by third party defendants ... would have the curious effect of making a litigant's right to have a claim heard in a federal forum turn on the fortuity of being sued in a third-party complaint rather than in a separate action'")(internal citation omitted). Consequently, jurisdictional considerations would seem to militate in favor of allowing the Third-Party Plaintiff's FDCPA claim to be removed.

### B. FDCPA Claim

Third-Party Plaintiff has counterclaimed against Plaintiff and has asserted a claim against Third-Party Defendants for allegedly violating the FDCPA by engaging "in unconscionable practice, deception, fraud, false pretenses, false promises and/or misrepresentations relating to the mortgage foreclosure" and using "false, deceptive or misleading means to attempt to collect a debt." (Third-Party Compl. ¶¶ 28, 42). The FDCPA provides that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Plaintiff and Third-Party Defendants contend that Third-Party Plaintiff's pleading fails to state a claim under 12(b)(6) because neither a creditor nor a mortgage servicing company can be liable under the FDCPA. Plaintiff and Third-Party Defendants further contend that even if the statute addressed entities like the Plaintiff and the Third-Party Defendants, Third-Party Plaintiff's claims would still be barred by the statute of limitations which requires that any claim under the FDCPA

be brought within one year from the date of the violation. The Court will consider these issues in turn.

The FDCPA applies only to "debt collectors." 15 U.S.C. § 1692a(6). Debt collectors are defined under the statute as "any person who uses any instrumentality of interstate commerce of the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Police v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3rd Cir. 2000) (citing 15 U.S.C. § 1692a(6)).

Creditors are expressly excluded from the bailiwick of the statute which provides that the term debt collector "does not include . . . any officer or employee of a creditor while, in the name of the creditor, collecting debts for such a creditor." 15 U.S.C. § 1692a(6)(A). Mortgage servicers also appear to be exempt from the FDCPA. As another court within this District has noted "the legislative history of the FDCPA demonstrates that the term 'debt collectors' does not encompass a mortgage servicing company." *Whittingham v. Mortg. Elec. Registration Servs., Inc.*, No. 06-3016, 2007 WL 1456196 at *7 (D.N.J. May 15, 2007). Because Plaintiff appears to be a creditor as defined by the FDCPA and was not engaged in the collecting of debt on behalf of others and Wells Fargo appears to be a mortgage servicer, the FDCPA claim as it applies to Plaintiff and Wells Fargo is properly dismissed.

An action under the FDCPA must also be filed within one year from the date of the violation. 15 U.S.C. § 1692k(d). Construing the Third-Party Complaint in the light most favorable to the nonmoving party, it identifies only February 16, 2009 and June 19, 2009 when Zucker on behalf of Plaintiff filed the foreclosure complaint and amended complaint for foreclosure as the conduct that allegedly would violate the FDCPA. Therefore, Third-Party

Plaintiff's FDCPA cause of action began to accrue on June 19, 2009 or shortly thereafter when she was served with the amended foreclosure complaint. Third-Party Plaintiff, however, did not file the Motion for Leave to assert the FDCPA claim until March 30, 2011.

Third-Party Plaintiff has argued that her FDCPA claim is viable because discrete violations of the FDCPA committed during the course of litigation are actionable, citing *Brown v. Udren Law Offices PC*, Civ. No. 11–2697 2011 WL 4011411 (E.D.Pa., Sept. 9, 2011) ("FDCPA claim is not barred by the statute of limitations because she has alleged discrete acts that occurred within the year before she filed her Complaint."). She has distinguished this theory from the continuing violations doctrine, which she acknowledges the Third Circuit has declined to apply to FDCPA claims. *See Schaffhauser v. Citibank, N.A.*, 340 Fed. Appox. 128, 131 (3d Cir. 2009). However, Third-Party Plaintiff identifies no other violations with particularity in the Third-Party Complaint,[1] rather she relies entirely on the Superior Court's determination that she "has alleged some discrete acts that do fall within the one year statute of limitations of the FDCPA based on unconscionable commercial practices by Zucker and Wells Fargo." (Third-Party Pl.'s Opp'n at 10 ) [20]. These practices concerned "excessive title fees, process server fees, property preservation fees, flood insurance fees, escrow fees, home owners insurance fees, broker price opinion fees, attorney fees and auditor fees, which occurred over the period of May 1, 2008 and August 23, 2010." (*Id.*) Third-Party Plaintiff, however, has not adequately pled any facts related to these practices. Although the Superior Court held that "as discovery proceeds, the factual basis for Defendant's claims should become clear," *see* (*id.* at 13 (citing Judge Jacobson's Order of Aug. 25 2011)), the pleading standard under the Federal Rules of Civil Procedure

---

[1] It is also worth noting that the Third Circuit has held that equitable tolling is an extraordinary remedy that permits a court—sparingly—to waive a statute of limitations "when a plaintiff has 'been prevented from filing in a timely manner due to sufficiently inequitable circumstances.'" *Santos v. United States,* 559 F.3d 189, 197 (3d Cir.2009).

requires that such a claim be plausible given the facts alleged. *See Fowler*, 578 F.3d at 211; *see also Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984)(noting that litigants bringing fraud claims must inject "precision and some measure of substantiation into [their] allegations of fraud" pursuant to Fed. R. Civ. P. 9(b)). Because the Third-Party Plaintiff relies on vague claims of "information and belief" and vague promises that "in time the admissible evidence will prove ....", *see* (Third-Party Pl.'s Opp'n at 8) [21], the Court finds that this claim is inadequately plead to withstand a motion to dismiss. For all of these reasons, the Court will dismiss Third-Party Plaintiff's FDCPA claim against Plaintiff, Zucker, and Wells Fargo.

    *C. Remaining State Counts*

    Having held that Third-Party Plaintiff's FDCPA claim is properly dismissed and noting that no federal claims remain in the case, the Court will now consider whether to exercise jurisdiction over the remaining state-law claims asserted in this case. The supplemental jurisdiction statute states that district courts "shall have" jurisdiction over the non-federal claims forming part of the same case or controversy, which they "may decline to exercise" under certain circumstances. *See* 28 U.S.C. §1367(c). Given the unusual procedural posture of this case and the extensive nature of the state court proceedings preceding removal, there is a real question as to the propriety of exercising jurisdiction in this case.

    Because the remaining counterclaim and affirmative defenses in this case implicate unsettled areas of state law and because the state court has already proved itself adept at grappling with these issues, the Court finds that continued state review of this case will better accommodate the values of economy, convenience, fairness, and comity than will a perhaps premature dismissal by a federal court. Consequently, the Court will not dismiss the NJCFA

claim, as requested by Third-Party Defendants Zucker and Wells Fargo, or affirmative defenses, as requested by Plaintiff, instead remanding the case to its original forum.

## IV. CONCLUSION

For the reasons set forth above,

IT IS on this ___ day of May, 2012

ORDERED that Plaintiff and Third Party Defendants' Motions to Dismiss [docket # 10, 11, 12] are hereby GRANTED IN PART and DENIED IN PART; and it is

ORDERED that Defendant/Third-Party Plaintiff's FDCPA Counterclaim is hereby DISMISSED; and it is

ORDERED that the Second Count of Third-Party Plaintiff's Third-Party Complaint is hereby DISMISSED; and it is

ORDERED that this case be REMANDED to the Superior Court of New Jersey, Mercer County, Chancery Division.

_____
ANNE E. THOMPSON, U.S.D.J.